UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-60761-CIV-MARRA/JOHNSON

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

    Plaintiff,
vs.

MAN MAR, INC,

    Defendant.
_____/

### ORDER AND OPINION ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant, Man Mar, Inc.'s ("Defendant" or "Man Mar") Motion to Dismiss (DE 6).  Plaintiff Equal Employment Opportunity Commission ("Plaintiff" or "EEOC") filed a response to the motion (DE 7).  Defendant failed to file a reply and the deadline to do so has passed.  The Court has carefully reviewed the motion, the response, and the record, and is otherwise fully advised in the premises.

**Background**

On May 21, 2009, Plaintiff filed a Complaint against Defendant pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA") as amended, 29 U.S.C. §§ 216(c) and 217.

Plaintiff alleges that Defendant violated the Age Discrimination in Employment Act (ADEA) when it discriminated against Charging Party Edith Cruse and other similarly situated employees ("Claimants") because of age.  Plaintiff alleges that Defendant subjected the Claimants to a hostile work environment, disparate terms and conditions of employment,

disparate discipline, and termination and/or constructive discharge because of age.  Comp. ¶ 7(a)-(e).

Defendant moves to dismiss the Complaint under Rule 12(b)(1), Fed. R. Civ. P., for failure to meet the jurisdictional requirement of twenty employees.  Defendant also moves to dismiss the Complaint under Rule 12(b)(6), Fed. R. Civ. P., for failure to establish a prima facie case for discrimination and failure to plead specific information about the potential Claimants other than Edith Cruse.  Plaintiff responds that the Complaint is sufficiently pled.

**Standard of Review**

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff.  See Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007).  To satisfy the pleading requirements of Federal Rule of Civil Procedure 8, a complaint must contain a short and plain statement showing an entitlement to relief, and the statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (citing Fed. R. Civ. P. 8); see also Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964 (2007); Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 346 (2005). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001).  Instead, the complaint need only "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Id. (internal citation and quotation omitted).  "A complaint need not specify in detail the precise theory giving rise to recovery.  All that is required is that the

defendant be on notice as to the claim being asserted against him and the grounds on which it rests." Sams v. United Food and Comm'l Workers Int'l Union, 866 F.2d 1380, 1384 (11th Cir. 1989).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [ ] a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S.Ct. at 1964-65 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Id. at 1965. Plaintiff must plead enough facts to state a plausible basis for the claim. Id.

**Discussion**

*Defendant's Rule 12(b)(1) Motion*

In its motion, Defendant contends that it does not have 20 or more employees, but provides no factual basis for this contention. Where a defendant files a motion under Rule 12 attacking subject matter jurisdiction without factual support, the Court must resolve the "facial attack" applying the same standards used to resolve a Rule 12(b)(6) motion – the court must consider the allegations of the complaint to be true. United States v. Spitzer, 245 Fed. Appx. 908, 910 (11th Cir. 2007), citing Lawrence v. Dunbar, 919 F.2d 1525 (11th Cir. 1990).

EEOC's Complaint sufficiently alleges that, during the relevant period, Defendant had at least 20 employees. Comp. ¶ 4. Therefore, the Court must accept as true EEOC's allegation that Defendant had the requisite number of employees during the relevant period. Defendant's 12(b)(1) motion is DENIED.

*Defendant's Rule 12(b)(6) Motion*

Defendant argues that Plaintiff has failed to establish a <u>prima facie</u> case for discrimination based on its failure to plead with specificity. (Mot. at ¶ 5). Defendant's argument that EEOC must include the <u>prima facie</u> elements of an ADEA claim in its Complaint is rejected. As this Court held in <u>Mason v. Cole, Scott & Kissane, P.A.</u>, 2008 WL 2051359 (S.D. Fla. 2008), "[t]he prima facie case … is an evidentiary standard, not a pleading requirement." <u>Id.</u> at *2, <u>quoting</u> <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 511 (2002). Further, the prima facie case is a flexible evidentiary standard and should not be transformed into a rigid pleading requirement for discrimination cases. <u>Id.</u> Therefore, a plaintiff need not allege sufficient facts to establish a prima facie case at the pleading stage. <u>Id.</u>

As to Defendant's argument that EEOC did not "reveal any potential Claimants" other than Charging Party Cruse, EEOC identified the Claimants as those individuals similarly situated to Cruse because of age. Comp. ¶ 7(a). Unlike a private plaintiff, EEOC has the authority to sue on behalf of a class of known, or unknown individuals without certifying a class pursuant to Rule 23. <u>General Telephone Co. v. EEOC</u>, 446 U.S. 318 (1980). Here, EEOC's Complaint seeks relief for a class of individuals similarly situated to Cruse and EEOC need not provide a more detailed description of Claimants in its Complaint.[1] <u>EEOC v. Nichols Gas & Oil</u>, 2006 WL 692345, *3 (W.D.N.Y. 2006) (EEOC's Complaint need not identify claimants by name to satisfy pleading standards). Plaintiff has pled that these individuals were in "the protected age group" of the ADEA. Comp. ¶7(b). Plaintiff has pled that Defendant subjected the Charging Party and

---

[1] Defendant may "seek information concerning the additional claimants through discovery." <u>EEOC v. Nichols Gas & Oil</u>, 2006 WL 692345, *3 (W.D.N.Y. 2006). Plaintiff states that it will comply with its obligations under the Rules to identify Claimants during discovery. (Resp. at 4).

potential Claimants to a hostile work environment because of age, including unwelcome ageist remarks, disparate terms and conditions of employment because of age, disparate discipline compared to a similarly situated younger employee, and termination and/or constructive discharge. Comp because of age. ¶ 7 (b)-(e).

Lastly, Defendant argues that Plaintiff has failed to properly plead the requisite intent to demand liquidated damages. (Mot. at ¶ 5). The ADEA provides for liquidated damages where an employer "willfully" violates the Act. Spanier v. Morrison's Management Services, Inc., 822 F. 2d 975, 978 (11th Cir. 1987), citing 29 U.S.C. § 626(b). Liquidated damages are available under the ADEA where "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the ADEA." Trans World Airlines, Inc. v. Thurston, 49 U.S. 111, 128 (1985). Here, EEOC has pled specific instances where Defendant's managers referred to older employees as "old bitch," "old bastard," and otherwise intentionally deprived older workers of equal employment opportunity because of age. Moreover, a determination of whether Plaintiff can meet the evidentiary standard for an award of liquidated damages is more properly considered either on a motion for summary judgment or at trial.

Based on the foregoing, Defendant's 12(b)(6) motion is DENIED.

**Conclusion**

For the reasons stated herein, Defendant's Motion to Dismiss (DE 6) is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 22nd day of October, 2009.

_____
KENNETH A. MARRA
United States District Judge

copies to:
All counsel of record